# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-443
Lower Tribunal No. F20-11306
_____

**Adila Rivera,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before LOGUE, HENDON, and LOBREE, JJ.

LOGUE, J.

Adila Rivera appeals her conviction for unlicensed carrying of a concealed firearm, contending that the trial court erred in denying her motion to suppress. We affirm the conviction.

The relevant facts are not in dispute: On August 20, 2020, officers were dispatched to investigate a "Shotspotter" alert.[1] Upon arriving at the scene, the officers found bullet casings in the curtilage of a house and observed bullet holes near the front door. Ms. Rivera subsequently appeared at the scene and voluntarily approached the officers. She appeared intoxicated and smelled of alcohol. She told the officers her boyfriend resided at the house, and that she had been having problems with him, repeating at various time that he had been unfaithful.

During the exchange, Ms. Rivera spontaneously stated that she had a firearm in her bag. One of the officers then stated, "Do me a favor. Hand me your bag. Just for safety reasons." The officer testified at the suppression hearing that she sought to secure Ms. Rivera's bag based on a totality of the circumstances, including (1) the officers were responding to a report of shots fired, (2) they found bullet casings at the scene, and (3) Ms. Rivera appeared intoxicated and smelled of alcohol. After taking the bag from Ms. Rivera, the

---

[1] A "Shotspotter" is a type of technology that alerts to the sound of gunshots and dispatches police officers to the location.

officer asked her if she could remove the gun from the bag to safely secure it. Ms. Rivera consented.

Based on these circumstances, the officers had a reasonable suspicion that Ms. Rivera violated section 790.151, Florida Statutes. Section 790.151 makes it unlawful for any person who is under the influence of alcoholic beverages to use a firearm. See also Brinegar v. State, 327 So. 3d 1274, 1275-76 (Makar, J., concurring) (Fla. 1st DCA 2021) (stating circumstantial evidence including police officers' observations that defendant had slurred speech and reeked of alcohol was sufficient to support jury finding that defendant used firearm while under the influence). Accordingly, the trial court properly denied Ms. Rivera's motion to suppress.

Affirmed.